UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>             Plaintiff<br><br>          v.<br><br>DJI MAVIC 3 WITH SERIAL NUMBER 1581F45T7227B00SU049, seized on or about April 15, 2024, and its Controller,<br>             Defendant *in Rem*. | )<br>)<br>)<br>)   Civil Action No.: 1:24-CV-<br>)<br>)<br>)<br>)<br>) |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The United States of America, by its attorney, Joshua S. Levy, Acting United States Attorney for the District of Massachusetts, in a civil action of forfeiture *in rem* pursuant to 49 U.S.C. § 46306(d)(1); 6 U.S.C. § 124n(c), and Supplement Rule G of the Federal Rules of Civil Procedure for Admiralty or Maritime Claims and Asset Forfeiture Actions, alleges that:

## NATURE OF ACTION

1. This action is brought by the United States of America pursuant to 49 U.S.C. § 46306(d)(1) and 6 U.S.C. § 124n(c), seeking forfeiture of:

   a. a DJI Mavic 3 with Serial Number 1581F45T7227B00SU049, seized by the Federal Bureau of Investigation in Boston, Massachusetts on or about April 15, 2024 ("Drone"), and controller (collectively, the "Defendant Property").

2. Allan Nip ("Nip"), a resident of Boston, Massachusetts, entered into a Deferred Prosecution Agreement with the United States, wherein, *inter alia*, Nip agreed that the Defendant Property is subject to forfeiture to the United States. *See United States v. Allan Nip*, Crim. No. 24-cr-10276. A copy of the Information, Deferred Prosecution Agreement, and Statement of Facts is attached hereto at <u>Exhibit A</u> and incorporated herein.

3. A photograph of the Drone is attached hereto at <u>Exhibit B</u>.

## JURISDICTION AND VENUE

4. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355. Venue is property pursuant to 28 U.S.C. § 1395, because acts and omissions giving rise to the forfeiture occurred in the District of Massachusetts and the Defendant Property is located in Massachusetts.

## STATUTORY AUTHORITY

5. It is a violation of 49 U.S.C. § 46306(b)(5) to own an aircraft eligible for registration under section 44102 of this Title 49 and knowingly and willfully operate, attempt to operate, or allow another person to operate the aircraft when—(A) the aircraft is not registered under section 44103 of this title or the certificate of registration is suspended or revoked; or (B) the owner knows or has reason to know that the other person does not have proper authorization to operate or navigate the aircraft without registration for a period of time after transfer of ownership.   It is a violation of 49 U.S.C. § 46306(b)(6) to knowingly and willfully operate or attempt to operate an aircraft eligible for registration under section 44102 of Title 49 knowing that (A) the aircraft is not registered under section 44103 of this title; (B) the certificate of registration is suspended or revoked; or (C) the person does not have proper authorization to operate or navigate the aircraft without registration for a period of time after transfer of ownership.   It is a violation of 49 U.S.C. § 46306(b)(7) to knowingly and willfully serve in any capacity as an airman without an airman's certificate authorizing an individual to serve in that capacity.

6. Pursuant to 49 U.S.C. § 40102(a)(6), "aircraft" means any contrivance invented, used, or designed to navigate, or fly in, the air.   For purposes of 49 U.S.C. § 46306, "aircraft" means only aircraft not used to provide air transportation.   49 U.S.C. § 46306(a).

7. Pursuant to 49 U.S.C. § 46306(d)(1), the United States may seize and forfeit an aircraft whose use is related to a violation of 49 U.S.C. § 46306(b), or to aid or facilitate such violation, regardless of whether a person is charged with the violation.

8. Pursuant to 6 U.S.C. § 124n(a), the Attorney General may authorize personnel with assigned duties that include the security or protection of people, facilities, or assets, to take such actions as are described in subsection (b)(1), including seizure, that are necessary to mitigate a credible threat (as defined by the Secretary of Homeland Security or the Attorney General, in consultation with the Secretary of Transportation) that an unmanned aircraft system or unmanned aircraft poses to the safety or security of a covered facility or asset.

9. Any unmanned aircraft system or unmanned aircraft seized by the United States pursuant to the authority set forth in 6 U.S.C. § 124n(a) is subject to forfeiture to the United States pursuant to 6 U.S.C. § 124n(c).

## **PROBABLE CAUSE**

10. The 128th running of the Boston Marathon was scheduled to be held on April 15, 2024. The start line of the marathon was in Hopkinton, Massachusetts, and the finish line of the marathon was in downtown Boston on Boylston Street between Exeter and Dartmouth Streets. Prior to the running of the marathon, law enforcement and counterterrorism authorities designated the event a "SEAR-1," the highest level special event. SEAR-1 events are "significant events with national and/or international importance that require extensive federal interagency support."

11. In connection with the designation of the 128th Boston Marathon as a SEAR-1 event, the U.S. Federal Aviation Administration ("FAA") issued two temporary flight restriction zones for unmanned aircraft systems (referred to herein as "drones") pursuant to its authority under 14 C.F.R. § 99.7. All unmanned aircraft systems regardless of weight, qualify as unmanned aircraft systems subject to the flight restrictions. One of those temporary flight restriction zones centered on the

finish line of the marathon and extended 2.5 nautical miles in all directions. The restrictions in that zone commenced at 5:30 am on April 15, 2024, and continued until 7:59 pm on that day.

12. The Drone, a DJI Mavic 3 with Serial Number 1581F45T7227B00SU049, is an unmanned aircraft, and the Drone with its controller is an unmanned aircraft system.

13. A notice containing information essential to flight operations was issued by the FAA on or about April 10, 2024, warning drone operators and others of restrictions to the airspace around the Boston Marathon. *See*, Notice to Air Missions ("NOTAM") 4/8918. NOTAMs are made available to the public in a variety of ways such as on the FAA's website and through various mobile applications. The FAA recommends that drone operators check the FAA's website, Low Altitude Authorization and Notification Capability (LAANC) applications, or B4UFLY applications for temporary flight restrictions in their area of operation. In addition to the FAA's issuance of this notice, manufacturers of certain drones, including the manufacturer of the Defendant Property flown by Allan Nip ("Nip"), incorporate into their operating systems warnings issued by the FAA. In this matter, the controller screen of the Defendant Property listed warnings of the flight restrictions on the screen of the drone controller. In order for Nip to operate the Defendant Property on April 15, 2024 in downtown Boston, he would need to acknowledge the warning issued to him through his controller. In addition, a simple internet search on or about April 15, 2024, would have resulted in news stories as well as information from the Boston Athletic Association noting that "[t]he use of drones (unmanned aerial vehicles) anywhere in the area of the course, including above runners and spectators, is prohibited."

14. On April 15, 2024, just after 9:00 a.m., the men's and women's wheelchair racers started the Boston Marathon in Hopkinton, Massachusetts. The professional men runners started shortly thereafter at approximately 9:37 a.m. At approximately 11:15 a.m. (EDT), law enforcement monitoring the airspace near the finish line of the Boston Marathon detected a drone in operation in

4

Boston's South End near Huntington Ave and Harcourt St, approximately 380 meters from the Boston Marathon finish line.   At the time, wheelchair racers were still crossing the finish line.   When the drone was detected, it was flying generally due north, getting closer to the Marathon finish line.   The drone was intercepted by law enforcement and forced to land at a predetermined location atop the garage at 100 Clarendon Street.   Upon landing, the drone was inspected by Special Agents from the Federal Bureau of Investigation Boston Field Office for explosive devices or other threats.   It was then seized and placed into evidence.   The drone was identified as a DJI Mavic 3 with Serial Number 1581F45T7227B00SU049.   At the time the drone was detected by law enforcement near the Boston Marathon finish line, the professional men runners were approximately 20 minutes from the finish line.

15. Law enforcement determined that the Defendant Property was being operated from 213 West Springfield Street, Boston, MA.   Uniformed Boston Police officers were dispatched to that location at approximately 11:20 a.m.   Boston Police Officers encountered Allan Nip in Apartment 3 at 213 West Springfield Street.   Nip admitted that he had been operating the drone prior to losing control of it.   He told officers he owned the drone with his brother.   He also told officers he was seeking to take images of the Boston Marathon that day.

16. Pursuant to applicable regulations, the Defendant Property was required to be registered with the Federal Aviation Administration.   *See* 14 C.F.R. Part 48.   In addition, pursuant to applicable regulations, both recreational and commercial drone operators are required to mark the exterior of their drones with the registration number.   *Id*.   A review of the FAA records revealed that the Defendant Property had not ever been registered with the FAA.   When the Drone was seized on April 15, 2024, it did not display a registration number as required.

17.     Pursuant to applicable regulations, Nip was required to have a FAA-issued airman certificate to operate the drone.  *See* 14 C.F.R. Part 107.  A review of the FAA records revealed that Allan Nip had never held an FAA-issued airman certificate to operate a drone.

18.     At the time Nip flew the Defendant Property near the finish line of the Boston Marathon, he violated the FAA's temporary flight restriction.  That temporary flight restriction designated the area within 2.5 nautical miles of the Boston Marathon finish line as National Defense Airspace and prohibited all unmanned aircraft systems flight operations in that airspace (except those expressly exempted, which did not include Nip's unauthorized flight operation).  *See* 14 C.F.R. §§ 99.7 and 107.47; NOTAM 4/8918.

19.     The Drone is currently in the custody of the Federal Bureau of Investigation in Chelsea, Massachusetts, and Nip has agreed to surrender its controller to law enforcement.

## Conclusion

WHEREFORE, the United States of America requests:

a. That a Warrant and Monition, in the form submitted herewith, be issued to the United States Marshal for the District of Massachusetts, or their designee, commanding seizure of the Defendant Property, and to give notice to all interested parties to appear and show cause why the forfeiture should not be decreed;

b. That judgment of forfeiture be decreed against the Defendant Property;

c. That thereafter, the Defendant Property be disposed of according to law; and

d. For costs and all other relief to which the United States may be entitled.

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

By: */s/ Carol E. Head*
CAROL E. HEAD
Assistant United States Attorney
U.S. Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
Dated: September 17, 2024                    Carol.Head@usdoj.gov

## VERIFICATION

I, Robert C. Knight, hereby verify and declare, under penalty of perjury, that I am a Special Agent with the Federal Bureau of Investigation and, pursuant to 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Forfeiture *In Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, information, and belief.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, and my investigation of this case together with other law enforcement officers.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct. Executed this __17__ day of September 2024.

*Robert C Knight*
Robert C. Knight
Special Agent
Federal Bureau of Investigation